FILED

04 NOV -4 PM 4:14

CLERK - LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

vs.                                                                                   **NO. CR 04-1313**

**GUADALUPE JOSE LOPEZ-GARCIA,**
**et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**I. Introduction.**

      **THIS MATTER** comes before the Court on three of Defendant John G. Mitchell's ("Mr. Mitchell") motions: 1) a motion for severance; 2) an anticipatory motion *in limine* to prevent the use of evidence against Mr. Mitchell at trial that was not provided to him during discovery; and 3) a motion to dismiss with prejudice for lack of evidence. Mr. Mitchell also gave notice of his intent to raise the public authority defense pursuant to Federal Rules of Criminal Procedure Rule 12.3. For the reasons that follow, the Court **DENIES** all three motions.

**II. Background.**

      On July 9, 2004 a grand jury indicted Mr. Mitchell and fourteen co-defendants in a ten count indictment stemming from a several year long joint investigation conducted by the FBI, DEA, Chaves County Metro Gang Narcotics Task Force and the Pecos Valley Drug Task Force. Mr. Mitchell is charged in Count I with Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 846; Count IX with Use of a Communications Facility to Further a Drug Trafficking Crime in violation of 21 U.S.C. § 843(b); and Count X with Attempt to Possess with Intent to Distribute

Methamphetamine in violation of 21 U.S.C. § 841. At the time of the indictment Mr. Mitchell was in federal custody awaiting disposition of a Supervised Release Violation. Mr. Mitchell was arraigned on July 17, 2004.

The Government has turned over more than 5,000 pages of written materials, approximately 35 cassette tapes, 2 video tapes, and 5 compact discs containing over 1,000 intercepted phone calls to counsel for each defendant. The Government contends that at least some of the discovery materials pertain specifically to Mr. Mitchell.

## III. Analysis.

### 1. Mr. Mitchell's Motion for severance.

Pursuant to Federal Rules of Criminal Procedure Rule 12(b)(3)(D) and Rule 14, the Court has discretion to determine whether to sever Mr. Mitchell's trial from the trial of the co-defendants. Mr. Mitchell, in arguing for severance, must show that actual prejudice would result from trying him along with the other co-defendants. *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir. 1993). Mr. Mitchell suggests that prejudice would result from postponing the trial to allow the other parties to review all of the evidence even though he is prepared to go to trial immediately. Mr. Mitchell also contends that because he believed he was working for the F.B.I. during the relevant time period, the co-defendants may attempt to harm him if he is tried at the same time as them. In addition, he argues that he is only a peripheral defendant in this case and the jury at a joint trial would likely convict him solely because of his association with the other defendants.

Mr. Mitchell has failed to show any actual prejudice he might suffer as a result of being tried with the co-defendants in this case. First, the Court classified this as a "Complex Case" under the Speedy Trial Act, which extends the time for trying a defendant. Although Mr. Mitchell claims to be ready for trial immediately, a later trial date does not violate the Speedy Trial Act or prejudice

Mr. Mitchell in any significant way. Second, trying Mr. Mitchell separately would not alleviate the risk that other interested parties in the case would try to harm him. A separate trial is also a public proceeding, which counsel for the other defendants would likely attend on behalf of the co-defendants. Moreover, Mr. Mitchell remains in custody, where he was at the time of his indictment in this case, so a joint trial poses no more of a security risk than a separate trial does. Third, defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses . . . " can be charged and tried together. FED. R. CRIM. P. 8(b). The Supreme Court noted that "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (internal citations omitted). Mr. Mitchell's concern that a jury will find him guilty because of his relationship with the co-defendants does not constitute actual prejudice for purposes of a motion to sever.

In deciding a motion to sever the Court has a duty to "weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials . . ." *United States v. Morales*, 108 F.3d 1213, 1219 (10th Cir. 1997) (internal quotations omitted). If the Court severed Mr. Mitchell's trial in this case because of the chance that the jury would be more likely to find him guilty if he is tried with the co-defendants, every other defendant could make the same argument and the Court could end up trying every defendant individually. Indeed, every defendant in a conspiracy case could obtain a separate trial. The expense and inconvenience of separate trials far outweighs any prejudice Mr. Mitchell may suffer as a result of being tried with the other defendants. The Court, therefore, denies his motion to sever.

**2. *Anticipatory motion in limine preventing the use of evidence at trial that was not provided in discovery.***

Mr. Mitchell claims that the Government has not provided him with all of the evidence against him in discovery. The Government argues that it has provided Mr. Mitchell with the same discovery it gave to the other defendants and that some of the evidence contained therein applies to Mr. Mitchell. The Court is not convinced that the Government failed to provide all of the evidence it has against Mr. Mitchell. If necessary, the Court will revisit this issue as the trial date approaches but at this time the Court denies Mr. Mitchell's anticipatory motion *in limine*.

### 3. *Motion for order of dismissal with prejudice.*

Mr. Mitchell argues that the Court should dismiss the case because the Government failed to comply with the discovery order issued by the Court on July 19, 2004. The Government argues that it has provided Mr. Mitchell with all of the evidence it has against him but that Mr. Mitchell has simply not had a chance to review all of the documents. The jury, not the Court, must weigh the evidence unless the Court determines that the evidence is insufficient to sustain a conviction pursuant to Federal Rules of Criminal Procedure Rule 29. The Court does not find insufficient evidence to sustain a conviction at this time and, therefore, denies Mr. Mitchell's motion to dismiss with prejudice.

### 4. *Notice of the public authority defense pursuant to Federal Rules of Criminal Procedure Rule 12.3.*

Mr. Mitchell gave notice of his intent to assert the public authority defense under seal as the Federal Rules of Criminal Procedure Rule 12.3 require. Mr. Mitchell claims that he believed he was acting on behalf of an FBI agent during the relevant time period. The Court will examine briefs from both the Government and Mr. Mitchell before determining how to proceed with this defense.

For the foregoing reasons Mr. Mitchell's motion for severance is DENIED. Mr. Mitchell's anticipatory motion *in limine* is also DENIED at this time. Finally, Mr. Mitchell's motion to dismiss with prejudice is hereby DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE